UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LUIS TORO, on behalf of himself and all others similarly situated,

    Plaintiffs,

-against-

COWTOWN BOOT COMPANY,

    Defendant.

---

Case No.: 1:23-cv-04451-CM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/26/24

## DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

McMahon, J.:

On May 26, 2023, Luis Toro ("Toro" or "Plaintiff") commenced this action against Cowtown Boot Company ("CBC" or "Defendant"), alleging that CBC's website is inaccessible to members of the blind and visually-impaired community in violation of Title III of the Americans with Disabilities Act ("ADA"), New York State Human Rights Law, New York State Civil Rights Law, and New York City Human Rights Law. Dkt. No. 1.

Presently before the Court is Toro's unopposed Motion for Default Judgment. Dkt. No. 14.

Toro violated the Individual Rules for this Court for filing a Motion for Default Judgment by (1) failing to serve CBC notice of the Motion for Default Judgment in the same manner as a summons; and (2) failing to include a deadline for CBC to appear before this Court in the required written notice.

For failing to follow this Court's Individual Rules, the Motion for Default Judgment is DENIED without prejudice.

1

## BACKGROUND

### I. STATEMENT OF FACTS

Toro is legally blind and lives in Bronx County in the State of New York. Dkt. No. 1, ¶¶ 15–16. Toro cannot use a computer without the use of screen reader software. *Id.* ¶ 16. To use a computer, Toro uses Non Visual Desktop Access ("NVDA"), a popular screen-reading software program available for blind computer users. *Id.* ¶¶ 22, 32.

CBC is a Texas Corporation with its principal place of business located at 11401 Gateway Boulevard West, El Paso, TX 79936. *Id.* ¶ 17. CBC operates Cowtownboots.com, a website that provides consumers with access to an online store at which consumers nationwide may purchase handmade cowboy boots, belts, wallets, and other items. *Id.* ¶ 18.

Toro alleges that Cowtownboots.com contains access barriers to blind and visually impaired individuals, including inaccurate landmark structure, inaccurate heading hierarchy, inadequate focus order, content that changes without advance warning, unclear labels for interactive elements, a lack of alt-text on graphics, inaccessible drop-down menus, a lack of navigation links, a lack of adequate labeling of form fields, denial of keyboard access for some interactive elements, redundant links where adjacent links go to the same URL address, and a requirement that transactions be performed solely with a mouse. *Id.* ¶¶ 29, 33.

Toro repeatedly attempted to purchase items from Cowtownboots.com but, due to these barriers, could not do so independently with the use of NVDA. *Id.* ¶¶ 32–36. Toro plans to visit the website in the future to order additional products. *Id.* ¶ 37.

### II. PROCEDURAL HISTORY

On May 26, 2023, Toro filed the initial Complaint in this action, alleging that, by operating a website inaccessible to the blind and visually-impaired community, CBC violated

Title III of the ADA, New York State Human Rights Law, New York State Civil Rights Law, and New York City Human Rights Law. *Id.* Toro seeks to certify a nationwide class of "all legally blind individuals in the United States who have attempted to access Cowtownboots.com and as a result have been denied access to the enjoyment of goods and services offered by Cowtownboots.com, during the relevant statutory period." *Id.* ¶ 43.

On June 12, 2023, Toro served the Complaint to Roman Herrera, who was designated by law to accept service of process on behalf of CBC. Dkt. No. 5. CBC never answered the Complaint, or moved in response to the Complaint. Dkt. No. 12, ¶ 4. On February 13, 2024, Toro filed for a Certificate of Default from the Office of the Clerk of the Court, which the Clerk granted the same day. *Id.*; Dkt. No. 13.

On June 6, 2024, Toro filed this Motion for Default Judgment. Dkt. No. 14. On the same day, Toro's attorney, Mars Khaimov, served CBC a copy of (1) the Notice of Motion for Default Judgment, (2) the Memorandum of Law in Support of Default Judgment, (3) the Affirmation of Mars Khaimov in Support of Default Judgment, and (4) the accompanying notice required by this Court's Individual Rules, which stated as follows:

> THE ATTACHED LEGAL PAPERS ARE BEING SERVED ON YOU BECAUSE YOU HAVE FAILED TO APPEAR IN A LAWSUIT BROUGHT AGAINST YOU. IF YOU DO NOT ENTER AN APPEARANCE IN THE LAWSUIT ON OR BEFORE *[INSERT DATE NO EARLIER THAN 20 DAYS FROM THE DATE OF SERVICE OF THE NOTICE AND MOTION]*, THE COURT WILL ENTER A DEFAULT JUDGMENT AGAINST YOU. IF YOU ARE A CORPORATION, YOU CAN ONLY APPEAR THROUGH AN ATTORNEY. IF YOU ARE AN INDIVIDUAL, YOU MAY APPEAR BY AN ATTORNEY OR PRO SE. IN EITHER EVENT, YOU MUST TAKE SOME ACTION OR A JUDGMENT WILL BE ENTERED AGAINST YOU. ENTRY OF A JUDGMENT MAY RESULT IN A LEVY AGAINST YOUR PROPERTY.

Dkt. No. 18 (emphasis added). Toro delivered service to CBC via both regular mail to 11401 Gateway Boulevard West, El Paso, TX 79936, and email to cowtownboots@sbcglobal.net. *Id.* CBC, to date, has not appeared before this Court.

## DISCUSSION

### I. STANDARD FOR A DEFAULT JUDGMENT

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The clerk can then enter judgment if the claim is for "a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). As a second step, "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

The Second Circuit "generally disfavor[s]" default judgments and prefers to "resolv[e] disputes on the merits." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). In evaluating a motion for default judgment, a court accepts as true the plaintiff's well-pleaded factual allegations, but not those relating to damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citation omitted). A plaintiff must allege specific facts, as opposed to "labels and conclusions or a formulaic recitation of the elements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The decision to grant or deny a Motion for Default Judgment is "left to the sound discretion of a district court." *Enron Oil Corp.*, 10 F.3d at 95.

### II. JURISDICTION AND VENUE

#### A. Subject Matter Jurisdiction

This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Toro's claims rise under Title III of the ADA. This Court has subject matter jurisdiction over the pendant New York State Human Rights Law, New York State Civil Rights Law, and New York City Human Rights Law claims under 28 U.S.C. § 1367(a).

### B. Personal Jurisdiction

In determining "whether personal jurisdiction is authorized, the court must look first to the long-arm statute of the forum state." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001) (internal quotations omitted). A court in New York may exercise personal jurisdiction over a non-domiciliary if (1) the non-domiciliary "'transacts any business in the state'; and (2) the 'cause of action aris[es] from that business transaction.'" *Romero v. 88 Acres Foods, Inc.*, 580 F.Supp.3d 9, 15 (S.D.N.Y. 2022) (quoting CPLR § 302(a)(1)). In a near-identical case to this one, *Campbell v. Gallery Model Homes, Inc.*, 2024 WL 1076541, at *3–4 (S.D.N.Y. March 12, 2024), my colleague Judge Torres held that a Texas corporation that operated a website which offered the sale and shipment of goods to consumers in New York was subject to New York's long arm statute. *Campbell* is near-identical to the instant case; in both, a legally blind plaintiff filed a complaint against a Texas corporation for failing to maintain an accessible website to purchase goods from. Therefore, this Court has personal jurisdiction over CBC under New York's long-arm statute.

### C. Venue

According to the federal venue statute, "[a] civil action may be brought in:"

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

>   (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
>   (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391. As CBC does not reside in New York, 28 U.S.C. § 1391(b)(2) applies. *See Dicks v. Cooks Junction, Inc.*, 2023 WL 2775830, at *5 (S.D.N.Y. April 4, 2023). In the Second Circuit, courts use a two-step inquiry to determine whether venue is proper: "First, a court should identify the nature of the claims and the acts or omissions that the plaintiff alleges give rise to those claims." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005) (citation omitted). "Second, the court should determine whether a substantial part of those acts or omissions occurred in the district where suit was filed." *Id.* at 432. In near-identical cases to this one, courts in the Southern District of New York held that venue is proper in the location where the plaintiff attempted to access the relevant website. *See Velazquez v. Don Roberto Jewelers, Inc.*, 2024 WL 1312196, at *6 (S.D.N.Y. March 27, 2024); *Dicks*, 2023 WL 2775830 at *6; *Young v. Metro. Learning Inst., Inc.*, 2023 WL 1928001, at *2 n. 2 (S.D.N.Y. Feb. 10, 2023). Toro attempted to access the website in the Southern District of New York. Dkt. No. 1, ¶ 13. Therefore, venue is proper in the Southern District of New York.

### III.  PLAINTIFF FAILED TO FOLLOW MY INDIVIDUAL RULES WHEN SERVING THE MOTION FOR DEFAULT JUDGMENT

Before default judgment is granted, a plaintiff must comply with this Court's individual rules on default judgments. These rules state that the moving plaintiff must:

>   (i)  Wait at least 30 days after service is effected to allow for the receipt of an appearance by mail; then

(ii) Apply for a certificate of default from the Office of the Clerk of the Court in accordance with Local Rule 55.1.

(iii) Once a certificate of default has been obtained, serve a copy of the Motion for Entry of a Default Judgment on the defaulting defendant in the same manner as prescribed for service of process. Notwithstanding any provision in Local Civil Rules 55.1 and 55.2, *this court REQUIRES that a notice of motion for default judgment be served in the same manner as a summons* and contain the following language:

THE ATTACHED LEGAL PAPERS ARE BEING SERVED ON YOU BECAUSE YOU HAVE FAILED TO APPEAR IN A LAWSUIT BROUGHT AGAINST YOU. IF YOU DO NOT ENTER AN APPEARANCE IN THE LAWSUIT ON OR BEFORE *[INSERT DATE NO EARLIER THAN 20 DAYS FROM THE DATE OF SERVICE OF THE NOTICE AND MOTION]*, THE COURT WILL ENTER A DEFAULT JUDGMENT AGAINST YOU. IF YOU ARE A CORPORATION, YOU CAN ONLY APPEAR THROUGH AN ATTORNEY. IF YOU ARE AN INDIVIDUAL, YOU MAY APPEAR BY AN ATTORNEY OR PRO SE. IN EITHER EVENT, YOU MUST TAKE SOME ACTION OR A JUDGMENT WILL BE ENTERED AGAINST YOU. ENTRY OF A JUDGMENT MAY RESULT IN A LEVY AGAINST YOUR PROPERTY.

(iv) If no appearance is entered for the defendant by the date specified in the Notice, the Clerk or the Court (as appropriate) will decide the motion in accordance with Local Rule 55.2 and Federal Rule of Civil Procedure 55.

Individual Rule V.E.1 (numerals and emphasis added).

Toro served the Complaint to Roman Herrera, an authorized recipient for CBC on June 12, 2023. Dkt. No. 5. On February 13, 2024, more than six months later, Toro filed for a Certificate of Default from the Office of the Clerk of the Court, which the Clerk granted the same day. Dkt. No. 12; Dkt. No. 13. However, after receiving the Certificate of Default, Toro failed to serve the Motion for Default Judgment in the same way as a summons; it was simply mailed to CBC's address at 11401 Gateway Boulevard West, El Paso, TX 79936, and emailed to

7

CBC at cowtownboots@sbcglobal.net. Dkt. No. 18. This does not constitute valid service of process by mail under New York or federal law. *See* CPLR § 312-a; Fed. R. Civ. P. 4(h). I have said before that, "Service by mail requires the sending of an acknowledgement of receipt, which, if not returned during the statutory period, means the defendant must be served using other means." *Verragio, Ltd. v. U.S. Jewelry Factory*, 2021 WL 4429408, at *2 (S.D.N.Y. September 27, 2021). For failing to conform to my rules, I vacated the default judgment in the *Verragio*. *See id.*

In addition, according to Toro's affidavit of service, the notice accompanying service of the Motion for Default Judgment did not specify a deadline for CBC to appear before this Court, but rather simply included the placeholder language "[INSERT DATE NO EARLIER THAN 20 DAYS FROM THE DATE OF SERVICE OF THE NOTICE AND MOTION]." Dkt. No. 18. This careless error neither gave CBC a deadline to appear before, nor notice of the date after which this Court could enter default judgment against it.

Finally, in *KeyBank Nat'l Ass'n v. Nour Limo, Inc.*, 2023 WL 2969386 (E.D.N.Y. Feb. 2, 2023), Judge Reyes in the Eastern District of New York issued a report and recommendation to Judge Komitee stating that the plaintiff's failure to adhere to procedural and individual rules justified the denial of a motion for default judgment. In *Keybank*, Judge Komitee eventually granted part of the default judgment, but only after denying the motion three times for failing to follow the procedural and individual rules. *Keybank N.A. v. Nour Limo, Inc.*, 345 F.R.D. 555, 560 (E.D.N.Y. 2024). As such, this Court finds it appropriate to deny Toro's motion without prejudice, and give him a chance to rectify his errors.

8

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Default Judgment is DENIED without prejudice. If it serves an appropriate notice of motion and there is no response, the court will be inclined to grant the motion forthwith.

The Clerk of Court is respectfully directed to close open motions at Dkt. No. 14.

This constitutes the decision and order of the court. It is a written decision.

Dated: September 26, 2024

_____
U.S.D.J

BY ECF TO ALL COUNSEL